# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| TEROS A. SWEENEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-00259-TWP-HBG |
| DARRELL SEXTON, and CITY OF KNOXVILLE, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court are a *pro se* prisoner's civil rights complaint filed under 42 U.S.C. § 1983 [Doc. 2] and his application for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**. His complaint [Doc. 2] will be **DISMISSED** *sua sponte*.

## I.   FILING FEE

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). On August 28, 2017, the Court entered a Notice of Deficiency, advising Plaintiff he must either pay the required filing fee or submit an application to proceed *in forma pauperis* [Doc. 3]. Plaintiff then submitted a fully compliant application to proceed *in forma pauperis* on September 18, 2017 [Doc. 4], and it appears from that application that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED** and, pursuant to 28 U.S.C.

§ 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, because Plaintiff has failed to state a viable claim for relief under § 1983, process shall not issue and the action will be **DISMISSED**.

Because Plaintiff is a detainee in the Knox County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of Plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the custodian of inmate accounts at the Knox County Jail to ensure compliance with these fee-assessment procedures. The Clerk is also **DIRECTED** to forward a copy of this Memorandum to the Court's financial deputy.

The agency having custody of Plaintiff shall collect the filing fee as funds become available and shall continue to collect monthly payments from his inmate account until the entire filing fee of $350.00 is paid. This Order shall become a part of Plaintiff's prison file and follow him if he is transferred to another institution. Plaintiff is **ORDERED** to notify the Court of any change of address if he is transferred to another institution and to provide the prison officials at any new institution with a copy of the Order.

## II. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

To state a claim under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, the plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state

law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000). Plaintiff's complaint in its current form fails to state a claim upon which relief can be granted.[1]

## III. LAW AND ANALYSIS

Plaintiff's complaint, filed on August 14, 2017, alleges constitutional violations resulting from a shooting that occurred on May 31, 2014 [Doc. 1 at 3]. The Defendants are: (1) Officer Darrell Sexton ("Sexton"), a K-9 Training Officer with the Knoxville, Tennessee Police Department; and (2) The municipality of Knoxville, Tennessee [*Id.* at 1]. Plaintiff alleges that Defendant Sexton shot and tased him multiple times after a confrontation broke out following Sexton's attempt to take the Plaintiff into custody [*Id.* at 3–6]. For these alleged constitutional violations, Plaintiff seeks forty-five million dollars ($45,000,000) as damages for his injuries, pain and suffering, mental anguish and as punitive damages [*Id.* at 4].

A review of the Court's records shows that on May 19, 2016, Plaintiff brought an action against Defendants Sexton and the City of Knoxville regarding the same incident, alleging an almost identical set of facts.[2] Complaint, *Sweeney v. Sexton*, No. 3:16-cv-00254-TWP-HBG (E.D. Tenn. May 19, 2016), ECF No. 1. On July 17, 2017, this Court dismissed that action with prejudice

---

[1] Courts in the Sixth Circuit have rejected applicability of heightened or lower pleading standards for § 1983 claims and instead found that the same requirement *Twombly* and *Iqbal* plausibility pleading standards govern. *See e.g.*, *Hutchison v. Metro Gov't of Nashville & Davidson Cty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) ("In context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal*'s standards strictly."); *Vidal v. Lexington Fayette Urban Cty. Gov't*, No. 5:13-117-DCR, 2014 U.S. Dist. LEXIS 124718, at *3 (E.D. Ky. Sept. 8, 2014); *Kustes v. Lexington Fayette Urban Cty. Gov't*, No. 5:12-323-KKC, 2013 U.S. Dist. LEXIS 125763, at *5 (E.D. Ky. Sept. 3, 2013).

[2] The Court notes that Plaintiff previously filed another almost identical complaint on May 29, 2015, based on the same incident of May 31, 2014. *See* Complaint, *Sweeney v. Sexton*, No. 3:15-cv-00230-TWP-HBG (E.D. Tenn. May 29, 2015), ECF No. 2. However, this Court dismissed Plaintiff's complaint on July 15, 2015 without prejudice for failure to prosecute. *See id.*, Docs. 6, 7.

for failure to state claims upon which relief can be granted as to all defendants. *See Sweeney v. Sexton*, No. 3:16-cv-00254-TWP-HBG, 2017 WL 3033071 (E.D. Tenn. July 17, 2017), ECF Nos. 10, 11.

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id.* Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979). Dismissal with prejudice is considered a final judgment on the merits for purposes of *res judicata. See Haddad v. Mich. Nat'l Corp.*, 34 F. App'x 217, 218 (6th Cir. 2002) (citing *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 487, 501 (5th Cir. 1994)).

After reviewing Plaintiff's instant complaint, it appears that he simply restated the same or similar allegations stemming from the alleged use of excessive force by Defendant Sexton. As to both Defendants in the earlier and present case, Sexton and Knox County, the Court has already rendered a final decision on the merits regarding Plaintiff's claims. Plaintiff is solely attempting to relitigate past claims. Consequently, Plaintiff's instant complaint may not be reviewed on the merits, as the instant claims are barred by the doctrine of *res judicata*. *See J.Z.G. Res., Inc.*, 84 F.3d at 214; *see also Goodwin v. Hall*, No. 3:16-1347, 2016 WL 3430430, at *2 (M.D. Tenn. June 22, 2016) (holding the doctrine of *res judicata* barred the plaintiff's complaint when "it appears that the plaintiff has restated the same or similar allegations" from a previously dismissed

complaint screened under § 1983). Additionally, all theories of recovery related to the May 19, 2016 incident that could have been presented to the court in Plaintiff's prior lawsuit are also barred by the doctrine of *res judicata*. *J.Z.G. Res., Inc.*, 84 F.3d at 214.

Regardless, even if Plaintiff's claims against Sexton and the City of Knoxville were not barred by *res judicata*, he still has no valid claims against them. As the Court held in the prior suit, the one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. *See Sweeney v. Sexton*, No. 3:16-cv-00254-TWP-HBG, 2017 WL 3033071, at *3 (E.D. Tenn. July 17, 2017). Thus, "the applicable statute of limitations bars [Plaintiff's] claims" and the Court did "not find equitable tolling to be justified under the circumstances …." *Id.* at 3–4. In the instant case, Plaintiff filed his complaint on August 14, 2017, more than three years after the alleged shooting. *See Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) ("Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.").

Similarly, the statute of limitations under § 1983 actions can be equitably tolled, considering factors such as: (1) a lack of notice of the filing requirements; (2) a lack of constructive knowledge of the filing requirement; (3) a plaintiff's diligence in pursuing his rights; (4) the absence of prejudice to a defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Howard v. Rea*, 111 F. App'x 419, 421 (6th Cir. 2004). The doctrine of equitable tolling is used sparingly, typically "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000). In the present matter, the Court adopts it's previous holding, that "the Court does not find equitable tolling to be justified under the circumstances and will not apply it to save this untimely §

1983 complaint. *Sweeney v. Sexton*, No. 3:16-cv-00254-TWP-HBG, 2017 WL 3033071, at *4 (E.D. Tenn. July 17, 2017).

Therefore, Plaintiff's claims are barred by the applicable statute of limitations and thus his complaint fails to state a claim upon which relief can be granted under § 1983. Accordingly, Plaintiff's complaint will be **DISMISSED**.

**IV. CONCLUSION**

For the reasons discussed herein, the Court finds that Plaintiff's pro se § 1983 civil rights complaint is barred by *res judicata*. Additionally, Plaintiff's complaint is barred by the applicable statute of limitations and equitable tolling does not salvage this otherwise time-barred case.

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity, and therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff's request to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**. His complaint and the present action [E.D. Tenn. Case No. 1:17-cv-00259-TWP-HBG] will be **DISMISSED WITH PREJUDICE** *sua sponte* for failure to state a viable claim under 42 U.S.C. § 1983.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                        s/Thomas W. Phillips
                              SENIOR UNITED STATES DISTRICT JUDGE